UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMIL M. PIRANT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:23-cv-02290-JMS-TAB |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Respondent. | ) |

**ORDER GRANTING MOTION TO DISMISS
PETITION FOR A WRIT OF HABEAS CORPUS, DENYING
CERTIFICATE OF APPEALABILITY, AND DENYING PETITIONER'S MOTIONS**

At the age of 17, petitioner Jamil M. Pirant was convicted of murder and attempted murder in Lake County, Indiana, in 2009. He now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent argues that the petition must be denied because it is time-barred and because his claims are procedurally defaulted.

Mr. Pirant's motion for delay, dkt. [22], is **granted to the extent** the Court considers his response in opposition to the respondent's motion to dismiss to be timely.

Because Mr. Pirant filed his petition beyond the one-year time limitation and is not entitled to equitable tolling, the respondent's motion to dismiss, dkt. [12], is **granted,** Mr. Pirant's motion for summary judgment addressing the merits of his claim, dkt. [18], is **denied,** and his petition for a writ of habeas corpus is **dismissed with prejudice**.[1] In addition, the Court finds that a certificate of appealability should not issue.

---

[1] Because the Court finds that Mr. Pirant's petition is time-barred, it need not address the respondent's alternative argument that his claims are procedurally defaulted.

# I. Background

After entering a fixed plea agreement, Mr. Pirant was sentenced to 45 years in the Indiana Department of Correction on December 10, 2009. Dkt. 12-1, dkt. 12-2. He did not file a direct appeal. *Id*. On May 6, 2011, Mr. Pirant filed a petition for post-conviction in state court. After a hearing, the post-conviction court denied his petition. Dkt. 12-7; dkt. 12-8. He filed a notice of appeal, but the appeal was dismissed with prejudice on March 7, 2013, after Mr. Pirant failed to file a brief. Dkt 12-9 at 3.

On January 12, 2018, Mr. Pirant filed a motion to vacate his convictions under Indiana Trial Rule 60(B). Dkt. 12-10. The court denied the motion, and the Court of Appeals affirmed the denial on January 31, 2019. Dkt. 12-20 at 2, 4-7. Mr. Pirant did not petition for transfer to the Indiana Supreme Court. Dkt. 12-16 at 7.

On July 11, 2019, Mr. Pirant sought permission from the Indiana Court of Appeals to file a successive petition for post-conviction relief. Dkt. 12-21; dkt. 12-22. The Court denied his request on August 9, 2019. Dkt. 12-23.

On December 21, 2023, Mr. Pirant filed the instant petition for a writ of habeas corpus. Dkt. 2.

# II. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), revised several statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). "Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner

seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

### III. Discussion

Under Indiana law, "[w]here a plea agreement includes a defendant's agreement to a specific sentence, such defendant may not challenge the sentence by means of a timely or belated direct appeal." *Sholes v. State*, 878 N.E.2d 1232, 1235 (Ind. 2008). Even assuming Mr. Pirant could have challenged his conviction or sentence on direct appeal, the latest possible date his sentence could have become final was on January 11, 2010, when his time to file a notice of appeal expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (explaining that a conviction is "final" when the time for seeking direct review has expired).

The one-year period of limitation expired on January 11, 2011. Mr. Pirant did not file his petition for post-conviction relief until May 6, 2011. Although the limitations period is tolled during the time in which the petitioner has pending a "properly filed application for State post-conviction or other collateral review," 28 U.S.C. § 2244(d)(2), Mr. Pirant's limitations period had already expired before he sought post-conviction relief or pursued other relief in state court. The following chart illustrates this:

3

| **Conviction Final** | January 11, 2010 | 365 days left in limitation period |
|---|---|---|
| **Federal Habeas Petition Due** | January 11, 2011 | 0 days left in limitation period |
| **State Post-Conviction Relief Petition Filed** | May 6, 2011 | 115 days beyond limitations period |
| **Federal Habeas Petition Filed** | December 21, 2023 | 12 years, 11 months, and 10 days beyond limitation period |

Pursuant to AEDPA, Mr. Pirant had at most until January 11, 2011, to file a petition for writ of habeas corpus. However, he did not file this petition until December 21, 2023, nearly thirteen years after the limitations period expired.

Mr. Pirant argues that he is entitled to equitable tolling because he did not receive his juvenile file until 2018. Dkt. 23. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). These two "elements" are distinct. *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 256 (2016). The diligence element "covers those affairs within the litigant's control; the extraordinary-circumstances prong, by contrast, is meant to cover matters outside its control." *Id.* It is the petitioner's "burden to establish both [elements]." *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2015). Courts are to employ a flexible standard and consider all the circumstances faced by an inmate when considering whether he is entitled to equitable tolling. *Id*. at 686 (citing *Holland*, 560 U.S. at 650).

Even assuming Mr. Pirant were entitled to equitable tolling for the time he did not have access to his juvenile file—and he likely is not—his petition would still be time barred. He did not file his federal habeas petition until the end of 2023, more than five years after receiving his juvenile file. And he had no pending state post-conviction petition, whether properly filed or not,

4

after the Indiana Court of Appeals denied his request to file a successive post-conviction petition on August 9, 2019. Dkt. 12-23. Mr. Pirant's petition is therefore time-barred and must be **denied**.

## IV. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 580 U.S. 100, 115 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.'" 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 580 U.S. at 115 (citation and quotation marks omitted). Where a claim is resolved on procedural grounds (such as timeliness), a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Mr. Pirant's petition was filed beyond the expiration of the one-year statutory limitations period, regardless of whether equitable tolling applies. Jurists of reason would not disagree with this Court's resolution of this claim and nothing about the claim deserves encouragement to proceed further.

The Court therefore **denies** a certificate of appealability.

## V. Conclusion

Mr. Pirant has not shown the existence of circumstances permitting him to overcome the expiration of the one-year time limitation, and hence is not entitled to the relief he seeks. The respondent's motion to dismiss, dkt. [12], is therefore **granted**, and the petition for a writ of habeas corpus is **dismissed with prejudice**. *Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005) ("The dismissal of a suit as untimely is a dismissal on the merits, and so should ordinarily be made with prejudice."). No certificate of appealability shall issue.

Mr. Pirant's motion for delay, dkt. [22], is **granted**, and his motion for summary judgment, dkt. [18], is **denied.**

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED**.

Date: 6/26/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JAMIL M. PIRANT
197138
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Courtney Leanne Staton
Office of Indiana Attorney General
courtney.staton@atg.in.gov